# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:   Douglas Mynatt | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v.   Ocwen Loan Servicing, LLC | ) | July Demand Requested |
| 1661 Worthington Road | ) | |
| Suite 660 | ) | |
| Palm Beach, FL 33409 | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorney, and, for her Complaint alleges as follows:

1. Plaintiff, Douglas Mynatt bring this action to secure redress from unlawful collection practices engaged in by Defendant, Ocwen Loan Servicing, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes illegal the misrepresentation of the character, amount or legal status of the debt.  15 U.S.C. Section 1692e

3. When a Debt Collector attempts to collect on a debt that has been Discharged in a Chapter 13, it violates 15 U.S.C. Section 1692e.  *Randolph* v. *IMBS*, Inc., 368 F.3d 726, 728 (7th Cir. 2004)

4. The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. Section 1327(a).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

8. Plaintiff is a resident of the State of Illinois.

9. Defendant ("Ocwen Loan Servicing, LLC"), is an Florida business entity with an address of 1661 Worthington Road, Suite 660 West Palm Beach, FL 33409 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

\#

10. Defendant Ocwen owns Nationwide Credit, Inc.

11. Unless otherwise stated herein, the term "Defendant" shall refer to Ocwen Loan Servicing.

12. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

13. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

14. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

15. Plaintiff was in default with the original mortgage at the time the mortgage was turned over for servicing to Defendant.

## FACTS APPLICABLE TO ALL COUNTS

16. Plaintiff was in arrearage with his mortgage lender before Defendant

obtained the account.

17. Plaintiff's original mortgage loan note was transferred to Defendant at a time when Plaintiff was in default for her mortgage.
18. The Plaintiff's filed a Chapter 13 reorganization Plan on May 30, 2012.
19. The Plaintiff's Chapter 13 Plan was Confirmed on August 17, 2012.
20. Including in the Confirmed Chapter 13 Plan was that Debtor's junior mortgage's lien would be stripped and treated as an unsecured debt and ultimately eliminated upon Discharge.  See Exhibit A.
21. The Plaintiff was Discharged from his Bankruptcy on July 17, 2017.
22. Defendant has just sent and Plaintiff has received the attached collection letter.  See Exhibit B.
23. Said letter states that "Past Due Payment Amounts $66,927.72" and "Total Amount Due $66,927.72"  See Exhibit B.
24. The back of the letter warns Plaintiff that "[W]e may report information about your account to credit bureaus.  Late payments, missed payments, and other defaults on your account may be reflected in your credit report."  See Exhibit B.
25. Defendant had no intention of making such reports to Plaintiff's credit bureaus.
26. Defendant is violating the terms of the Confirmation Order as set forth in paragraph 20 of this Complaint which was Discharged on July 17, 2017.

## **FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

27. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
28. Defendant violated 15 U.S.C. Section 1692e by misrepresenting the amount and/or status of the debt.
29. Defendant violated 15 U.S.C. Section 1692e by threatening to take actions that they could not legally take and had no intention of taking.

## STANDING AND INJURY

30. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

31. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

32. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

33. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

34. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiffs demand the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff